G & M INC., T/A Gabby's Auto Discount,
Appellant,

v.

Floyd W. HUFFMAN, Appellee.

No. 2686.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 30, 1961.

Decided April 28, 1961.

John T. Bonner, Washington, D. C., for
appellant.

Ralph B. Shirley, Washington, D. C., for
appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-tired) sitting by designation under Code,
§ 11–776(b).

QUINN, Associate Judge.

Appellee's complaint, reciting separate
counts of fraud, breach of contract, and
conversion, prayed for compensatory and
punitive damages on the basis of alleged
misconduct in an automobile sales transac-
tion. In rendering a verdict for appellee,
the jury apparently accepted the following
testimony as true:

On October 8, 1959, appellee went to
Gabby's Auto Discount to buy a used car.
After looking about the lot, he filled out a
credit application form. Appellee then left
but returned the following day. Told that
his credit had been approved, he decided to
purchase a 1956 Buick for $1,495. A sales-
man thereupon executed a bill of sale under
terms allowing appellee $300 for his old car
and providing that he pay the entire balance
of $1,195 on October 13, four days later.
Only partially reading the paper, he signed
believing it to be a form to obtain financing.
There was no testimony that the writing
was incomplete when he signed or that it
was subsequently altered in any way. There
was no testimony that the written agreement
was concealed from him or that he was dis-
suaded by word or by deed from reading
it. According to appellee, appellant's sales-
man telephoned him on October 13, the day
that payment was due, and declared that the
deal was off because appellee had given false
information about his financial status. Ap-
pellee was also informed that his old car
could not be returned because it had been
sold to another party for $75.

Testimony from appellant substantially
contradicted the above. An officer of the
corporation denied that his firm had repudi-
ated the contract or that there had been any
oral agreement to extend appellee credit on
his purchase. He stated that appellee had
volunteered to procure his own financing
and pay cash, as the written agreement
provided.

After the evidence had been presented the trial judge called both attorneys to the bench and advised them that he intended, on his own motion, to submit the case to the jury on another theory, that of quasi-contract. Over appellant's protest, he charged the jury on this proposition. In addition, he gave an instruction authorizing an award of punitive damages if it were found that appellant's agents had acted maliciously. The jury awarded appellee $1,329.

Whether the law covering quasi-contracts and punitive damages warranted, in theory, the relief granted does not concern us here. Aside from this question, it was manifestly improper for the trial court sua sponte and arbitrarily to have injected a new theory of recovery into the proceedings, especially after the trial of issues bearing upon an express contract had already been concluded. We agree, as the trial court stated, that appellee's version of the facts did not show fraud or breach of contract for which damages might be awarded. However, it was the duty of the trial court to rule upon this failure of proof, not to reform appellee's case. The trial court should have directed a verdict in favor of appellant. Acting as it did only compounded error.

Reversed and remanded with instructions to enter judgment for appellant.